## HAMILTON v. HAVERCAMP.

No. 2482.   Opinion Filed November 14, 1911.

On Rehearing May 14, 1912.

Publication Withheld Until September Term, 1912.

(124 Pac. 73.)

APPEAL AND ERROR—Record—Case-Made—Settlement and Signing—Authority of Judge After Expiration of Term.   An ex-judge is not authorized by section 6075, Comp. Laws 1909 (section 4445, St. Okla. T. 1893; section 4742, Wilson's Rev. & Ann. St. 1903), to sign and settle a case-made, if, at the expiration of his term of office, the time for making and serving case-made has expired, or no time for signing and settling the case-made has been fixed before his retirement.

(a)   The amendment of March 9, 1910 (Sess. Laws 1910, c. 39, sec. 1, pp. 59, 60), to section 6075, supra, did not change this rule when the ex-judge, or the judge who tried the cause, was living, or not otherwise incapacitated from settling and signing the case-made.

(Syllabus by the Court.)

Dunn, J., dissenting.

*Error from District Court, Okmulgee County;*
*W. L. Barnum, Judge.*

Action by Ellen Hamilton against Bennie D. Havercamp. Judgment for defendant, and plaintiff brings error.   Motion to dismiss appeal overruled.

*Frank F. Lamb,* for plaintiff in error.

*J. C. Stone* and *Lex V. Deckard,* for defendant in error.

WILLIAMS, J. On March 31, 1910, and in due time, a motion for new trial was filed by the plaintiff (plaintiff in error). On the 2d day of April, 1910, said motion having been overruled, plaintiff was allowed 90 days in which to make and serve a case-made, the defendant 30 days thereafter to suggest amendments; the case-made to be presented for settlement by either party upon giving the other ten days'. notice. On the 13th day of June, 1910, the time in which to make and serve a case-made was extended to August 1, 1910. On July 21, 1910, ·the time for making and serving case-made was further extended to October 21, 1910. On September 30, 1910, the case-made was duly served upon counsel for the opposite side. On September 30, 1910, the attorneys for all parties agreed, in writing, that the case-made as served was a full, true, correct, and complete case-made.

The term of office of the Hon. William L. Barnum, who was the regular judge of the district court of said judicial district, and who tried the cause, having expired on January 9, 1911, said case-made, on January 20, 1911, was signed and settled by the Hon. Wade S. Stanfield, his successor in office. On the 30th day of March, 1911, said case-made was also presented to Judge Barnum, who also settled same.

It appears that neither by notice nor otherwise was the time fixed for the presentation of said case-made for settlement, prior to the expiration of Judge Barnum's term of office. Under the holding in *Richardson et vir v. Beidleman et al., ante,* 126 Pac. 818, the trial judge neither being dead nor otherwise incapacitated from settling the same, his successor was not authorized to settle same.

In the same case, it was also held that the retiring judge was not authorized to settle such case-made, except when, at the time of his retirement from office, the time allowed for making and serving the case-made, or the time fixed for the presentation and settling of the same, had not expired.

Under the authority of said case, the appeal must be dismissed.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., dissenting.

## ON REHEARING.

WILLIAMS, J. On rehearing, it has been called to our attention for the first time that the record contains a stipulation that "the defendant waives the right to suggest amendments in said case-made, and hereby consents that the same may be settled immediately and without notice, and hereby joins in the request of the plaintiff in error that the judge of said court settle the same and order the same certified to the clerk of the district court and filed according to law."

In *St. Louis & S. F. R. Co. v. Davis, ante,* 120 Pac. 562, is is said:

"Thereafter, to wit, June 5, 1911, the case-made was duly made and served on counsel for the plaintiff. Thereupon counsel for the plaintiff, in writing, waived the right to suggest amendments to said case-made, and consented that the same be settled without notice; and on June 8, 1911, said case-made was duly signed and settled by Hon. Roy Hoffman, the judge who tried said cause. * * * It has been held by this court, and correctly, we think, that the time stated in the notice of time and place of settling a case is 'the time fixed for * * * settling and signing a case,' contemplated by the statute, *supra.* In the case at bar, the time fixed by the notice was waived by stipulation. The effect of the agreement between counsel in that regard was to change the time fixed in the notice for settling and signing to any time within the period which lies between the date of service of the case and the expiration of the time for taking the appeal. The construction contended for by the movant would require notice of time and place of settling a case to be given, for the purpose of fixing the time for signing and settling the case, when the primary reason for giving it was lacking, to wit, to enable opposing counsel to be present to see that his suggestions, if proper, were incorporated in the case-made."

In *Brady et al. v. Bank of Commerce of Coweta et al., ante,* 121 Pac. 250, this ruling was adhered to.

The petition for rehearing is granted, and the motion to dismiss the appeal is accordingly overruled.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.